MAXWELL RUBIN, Appellant, v. FRANCIS E. LAIMBEER and Others, Defendants; SAMUEL MARCUS and ISIDOR WELS, Respondents.— Order granting the motion of defendants Marcus and Wels to preclude plaintiff from offering upon the trial proof of certain matters, disregarding plaintiff's affidavit submitted in opposition to the motion, and directing the clerk of the court to seal and impound this affidavit, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on condition that plaintiff re-serve the bill of particulars within five days after the entry of the order hereon; otherwise, motion to preclude granted. Plaintiff was required to serve a bill of particulars on defendants Marcus and Wels on or before March 30, 1937. On April 2, 1937, three days after the time to serve the bill expired, defendants moved to preclude plaintiff for failure to serve the bill. On April 5, 1937, before the return day, plaintiff served his bill but defendants rejected it because it was not served on time. In opposition to the motion plaintiff, an attorney, submitted the bill of particulars and his affidavit, in which he explained his delay in serving the bill by showing that he had been engaged in other proceedings in this action and in proceedings in the Surrogate's Court against the same defendants. In his affidavit plaintiff recited at length the various proceedings heretofore had in the action. The learned Special Term disregarded the affidavit and the order recites the motion was granted on default. The reasons assigned by plaintiff for the delay in serving the bill are not questioned. The bill was served before the return day of the motion and it does not appear defendants were prejudiced by the delay. Under the circumstances, it was an improper exercise of discretion to make the order of preclusion. In any event, under subdivision " e " of rule 115 of the Rules of Civil Practice, as it then existed, it was error to grant the preclusion order without providing " that the same be effective unless a proper bill is served within a specified time thereafter." We also believe the Special Term was not justified in disregarding plaintiff's affidavit and directing that it be sealed and impounded because of its alleged aspersions upon the characters of defendants Marcus and Wels. In our opinion the statements in the affidavit are not scandalous. They are merely a repetition in general terms of the allegations of the complaint, which this court on a former appeal held were proper. Lazansky, P. J., Johnston, Taylor and Close, JJ., concur; Carswell, J., not voting.

JACOB SILVER, Respondent, v. KNICKERBOCKER ICE COMPANY, Appellant.— In an action to recover for personal injuries and property damage sustained in a collision between plaintiff's car and defendant's motor truck, judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.